IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/20/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

LIZBETH MONDRAGON GORDILLO,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center; SAMUEL OLSON, Field Office Director, ICE; DAVID VENTURELLA, Acting Director, ICE; and MARKWAYNE MULLIN, Secretary, DHS,

Respondents.

Case No. 26-3332-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. The petition is hereby **denied in part and retained under advisement in part**. Because petitioner is presently detained under 8 U.S.C. § 1226(a) and a bond hearing is therefore available to her, the Court denies petitioner's claim for entitlement to a hearing under that statute. Petitioner's claim for release under the 2021 policy made effective by the *ICWC* ruling is retained under advisement; respondents shall file a supplemental response brief, as directed herein, on or before **October 27, 2026**, and petitioner may file a reply brief addressing this claim on or before **November 10, 2026**.

Petitioner, a native of Colombia, entered the United States without authorization in 2022, and removal proceedings were initiated in 2024. On March 17, 2026, following a domestic battery arrest, petitioner was detained by immigration officials, and she is presently in custody within this judicial district. On September 8, 2026, petitioner filed this habeas case; respondents filed a timely answer; and petitioner has filed a traverse.[1]

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

All but one of petitioner's claims turn on her argument that her detention violates an applicable agency directive in light of her August 2026 self-petition to United States Citizenship and Immigration Services (USCIS) for benefits under the Violence Against Women Act (VAWA). In the alternative, petitioner claims that she should not be deemed subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but that she should be able to obtain a bond hearing under Section 1226(a). Respondents have confirmed that petitioner is presently detained under Section 1226(a), as evidenced by a notice of a custody determination under that statute, on which petitioner indicated her request for a bond hearing. Accordingly, because petitioner is presently detained under Section 1226(a) and a bond hearing is thus already available to her, the Court denies this alternative claim.

[1] The Court grants petitioner's motion to file her traverse out of time (Doc. # 10), and the Court has considered the traverse submitted with the motion.

In her primary claim, petitioner argues that the Government has not complied with an applicable 2021 policy in deciding to detain her.[2] On May 20, 2026, a federal district court stayed a 2025 Government directive – including its rescission of prior policies – as applied to a class that includes any individual with a pending VAWA self-petition. *See Immigration Center for Women and Children (ICWC) v. Noem*, 351 F.R.D. 324, 396-97 (C.D. Cal. 2026). The result is that the Government's immigration enforcement activities against such individuals are presently governed by a 2021 Directive (ICE Directive 11005.3) entitled "Using a Victim-Centered Approach with Noncitizen Crime Victims." The 2021 Directive states in relevant part as follows:

> [A]bsent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits [including under VAWA].
>
> . . .
>
> When a noncitizen has a pending or approved application or petition for a victim-based immigration benefit, absent exceptional circumstances, ICE will exercise discretion to defer decisions on civil immigration enforcement action against the applicant or petitioner (primary and derivative) until USCIS makes a final determination on the pending victim-based immigration benefit application(s) or petition(s) . . . .
>
> . . .
>
> ICE should pursue civil immigration enforcement action against beneficiaries of victim-based immigration benefits only in exceptional circumstances . . . .

---

[2] Although the same policy would prohibit petitioner's removal, this Court is authorized to review only petitioner's detention pending her removal proceedings.

An enforcement action for purposes of the Directive is defined to include a decision "whether or not to . . . [d]etain or release from custody subject to conditions;" and exceptional circumstances generally exist only if the noncitizen "poses national security concerns" or "poses an articulable risk of death, violence, or physical harm to any person." Petitioner argues that her detention violates the governing directive because there are no exceptional circumstances here as required.

Respondents argue that the *ICWC* court's orders should not be considered binding on this Court. As the Court has previously explained in rejecting this argument, it does not decide in this case whether the Government violated the *ICWC* court's injunctions; rather, the Court considers only whether the Government violated the 2021 Directive, which now governs enforcement activities with respect to certain noncitizens. *See Escobar Ramirez v. Mullin*, 2026 WL 2619875, at *2 (D. Kan. Sept. 4, 2026) (Lungstrum, J.). The Government does not dispute that petitioner is a member of the *ICWC* class or that it must abide by the 2021 Directive with respect to its enforcement activities involving petitioner.

Respondents argue that the 2021 Directive does not require exceptional circumstances for petitioner's continued detention because petitioner did not become an applicant for victim-based benefits under VAWA (in August 2026) until after she had already been detained (in March 2026). The language of the Directive does not support that distinction, however. An enforcement action is explicitly defined to include any decision "whether or not" to "detain or release" a noncitizen; thus, the Government took

an enforcement action under the policy when it refused to release petitioner upon request.[3] Respondents argue that in the case of an already-detained noncitizen, the Directive only requires the Government to request an expedited decision by the USCIS; but that provision of the Directive refers to instances in which the noncitizen is detained *and release is prohibited by law or exceptional circumstances exist* – which language suggests that the Directive's "exceptional circumstances" standard *does* apply to already-detained noncitizens. Moreover, in one of the cases on which respondents rely for their interpretation of the Directive, the court specifically concluded that the petitioner's continued custody did not constitute a new enforcement action because the Government "had made no fresh decision to 'detain or release' him" since the filing of the benefits application. *See Jaramillo-Arellano v. Blanche*, 2026 WL 2476440, at *5 (W.D. Tex. Aug. 24, 2026).[4] In this case, the Government *did* make fresh detention decisions after petitioner filed her WAVA self-petition. As noted above, the Government has submitted evidence that it made a custody determination under Section 1226 on September 11, 2026, in which it determined that petitioner would be detained pending a final administrative determination in her removal case. The Government has also submitted a declaration stating that on September 13, 2026 – after petitioner had already been detained for many months, but within a few days after petitioner had filed the instant habeas action – an

---

[3] Respondents have not disputed petitioner's claim that her attorney provided notice to the Government of the VAWA self-petition and requested petitioner's release under the 2021 Directive.

[4] In the other case cited by respondents, the court did not conduct any analysis of the language of the 2021 Directive. *See Ayala-Morales v. Olson*, 2026 WL 1781976 (S.D. Ind. June 22, 2026).

official "adhered to [the 2021 Directive]" and determined that petitioner should remain detained, which decision was then approved by a superior in accordance with the Directive's procedure for an enforcement action. Thus, not only did the Government make a detention decision, it did so with the apparent understanding that it was undertaking an enforcement action under the 2021 Directive for which approval was required.

Accordingly, the Court concludes that the Government was permitted to continue petitioner's detention pending her removal proceedings only if detention was justified by exceptional circumstances, meaning petitioner posed either national security concerns or "an articulable risk of death, violence, or physical harm to any person." Respondents argue that the Government did determine that petitioner posed such a risk, seemingly based on petitioner's domestic battery arrest.[5] The Government's declaration does not state, however, that any Government official made a specific determination that petitioner posed a risk of violence or harm; rather, it merely states that the Government adhered to the 2021 Directive; that an official reviewed petitioner's criminal history (including the arrest) and "considered" whether petitioner posed such a risk; and that the superior official then concurred with the decision to continue the detention of petitioner. The declaration did not include documentation of any determination made under the Directive; nor did the declaration identify the purportedly "articulable" risk that petitioner posed. Indeed, given respondents' position in this case that exceptional circumstances were not required for petitioner's continued detention, the official may have merely determined that petitioner

[5] Respondents have not disputed petitioner's claim that ultimately she was not prosecuted for that offense.

should remain detained because she was originally detained prior to the filing of her VAWA self-petition. Thus, because the basis for the Government's recent detention determination remains unclear, the Court cannot yet determine whether the Government did rely on an articulable risk of harm or violence as required by the 2021 Directive. The Court therefore retains this claim under advisement pending consideration of supplemental briefs submitted by the parties concerning this issue.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied in part and retained under advisement in part**. Because petitioner is presently detained under 8 U.S.C. § 1226(a) and a bond hearing is therefore available to her, the Court denies petitioner's claim for entitlement to a hearing under that statute. Petitioner's claim for release under the 2021 policy made effective by the *ICWC* ruling is retained under advisement; respondents shall file a supplemental response brief, as directed herein, on or before **October 27, 2026**, and petitioner may file a reply brief addressing this claim on or before **November 10, 2026**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to file her traverse out of time (Doc. # 10) is hereby **granted**, and the traverse submitted with the motion shall be deemed filed.

IT IS SO ORDERED.

Dated this 19th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge