IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/28/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

LIZBETH MONDRAGON GORDILLO,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
DAVID VENTURELLA, Acting Director, ICE; and
MARKWAYNE MULLIN, Secretary, DHS,

Respondents.

Case No. 26-3332-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. The petition is hereby **granted**. Respondents are ordered to effect the release of petitioner on or before **November 4, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

In her primary claim, petitioner argues that the Government has not complied with an applicable 2021 policy in deciding to detain her.[1] On May 20, 2026, a federal district court stayed a 2025 Government directive – including its rescission of prior policies – as

[1] Although the same policy would prohibit petitioner's removal, this Court is authorized to review only petitioner's detention pending her removal proceedings.

applied to a class that includes any individual with a pending self-petition for benefits under the Violence Against Women Act (WAVA). *See Immigration Center for Women and Children (ICWC) v. Noem*, 351 F.R.D. 324, 396-97 (C.D. Cal. 2026). The result is that the Government's immigration enforcement activities against such individuals are presently governed by a 2021 Directive (ICE Directive 11005.3) entitled "Using a Victim-Centered Approach with Noncitizen Crime Victims." The 2021 Directive states in relevant part as follows:

> [A]bsent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits [including under VAWA].
>
> . . .
>
> When a noncitizen has a pending or approved application or petition for a victim-based immigration benefit, absent exceptional circumstances, ICE will exercise discretion to defer decisions on civil immigration enforcement action against the applicant or petitioner (primary and derivative) until USCIS makes a final determination on the pending victim-based immigration benefit application(s) or petition(s) . . . .
>
> . . .
>
> ICE should pursue civil immigration enforcement action against beneficiaries of victim-based immigration benefits only in exceptional circumstances . . . .

An enforcement action for purposes of the Directive is defined to include a decision "whether or not to . . . [d]etain or release from custody subject to conditions;" and exceptional circumstances generally exist only if the noncitizen "poses national security concerns" or "poses an articulable risk of death, violence, or physical harm to any person."

Petitioner argues that her detention violates the governing directive because there are no exceptional circumstances here as required.

In its Memorandum and Order of October 20, 2026, the Court rejected respondents' argument that the *ICWC* court's orders should not be considered binding on this Court, and it noted that respondents did not dispute that petitioner is a member of the *ICWC* class or that the Government must abide by the 2021 Directive with respect to its enforcement activities involving petitioner. The Court also rejected respondents' argument that the 2021 Directive does not require exceptional circumstances for petitioner's continued detention because petitioner did not become an applicant for victim-based benefits under VAWA (in August 2026) until after she had already been detained (in March 2026). The Court concluded that the language of the Directive does not support that interpretation, and it further noted that the Government had made detention decisions – thereby taking enforcement actions under the 2021 Directive – since the time it became aware of petitioner's benefits application. Thus, the Court concluded that the Government was permitted to continue petitioner's detention pending her removal proceedings only if detention was justified by exceptional circumstances, meaning petitioner posed either national security concerns or "an articulable risk of death, violence, or physical harm to any person."

Respondents have argued in this case that the Government did determine that petitioner posed such a risk, seemingly based on petitioner's domestic battery arrest.[2] The

[2] Respondents have not disputed petitioner's claim that ultimately she was not prosecuted for that offense.

Court concluded in its prior order, however, that the evidence did not show that the Government had made such a determination, as follows:

> The Government's declaration does not state, however, that any Government official made a specific determination that petitioner posed a risk of violence or harm; rather, it merely states that the Government adhered to the 2021 Directive; that an official reviewed petitioner's criminal history (including the arrest) and "considered" whether petitioner posed such a risk; and that the superior official then concurred with the decision to continue the detention of petitioner. The declaration did not include documentation of any determination made under the Directive; nor did the declaration identify the purportedly "articulable" risk that petitioner posed. Indeed, given respondents' position in this case that exceptional circumstances were not required for petitioner's continued detention, the official may have merely determined that petitioner should remain detained because she was originally detained prior to the filing of her VAWA self-petition. Thus, because the basis for the Government's recent detention determination remains unclear, the Court cannot yet determine whether the Government did rely on an articulable risk of harm or violence as required by the 2021 Directive.

The Court then ordered supplemental briefs concerning that issue.[3]

Respondents have now filed their supplemental brief. After incorporating and reasserting their prior arguments, respondents state as follows:

> U.S. Immigration and Customs Enforcement ("ICE") has not provided any additional information in this matter aside from what has been submitted to the Court previously. ICE is aware that failure to supplement the Response may result in an adverse ruling by the Court. Respondents file this Supplemental Response to meet the Court's deadline and ask the Court to decide the matter appropriately.

In light of the Court's prior order, in which the Court noted that respondents had not shown that the Government actually made the required determination, this statement that the

---

[3] The Court also denied petitioner's alternative claim that she should not be subject to mandatory detention under 8 U.S.C. § 1225, as petitioner was instead being detained pursuant to 8 U.S.C. § 1226, which allows for discretionary release on bond. That claim has become moot in light of this ruling.

Government has nothing to add effectively concedes the point. The Court therefore concludes that the Government did not make the required determination that petitioner posed an articulable risk of violence or physical harm to a person, and thus that the Government has violated the 2021 Directive in refusing to release petitioner. The Court therefore grants the petition and orders petitioner's release.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted**. Respondents are ordered to effect the release of petitioner on or before **November 4, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

IT IS SO ORDERED.

Dated this 28th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[4] Respondents have not argued that any particular terms of supervision should be imposed if petitioner is released. Accordingly, the Court orders that petitioner be released subject to no additional terms of supervision beyond those that were already in place in her removal proceedings under her Notice to Appear (NTA), so that the *status quo ante* is achieved here.